R. M. HARDWICK *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—363, 370.]

**Instruction as to Sanity.**

In the trial of a criminal cause where the defense is insanity of the accused at the time the crime was done the following instruction was held not to be erroneous: "The court instructs the jury

that if they believe from the evidence that at the time the defendant cut and stabbed W. M. Combs, if he did cut and stab him, he did not at the time have sufficient reason to know right from wrong, and did not have sufficient will power of control to govern his actions, then the jury will acquit the defendant upon the plea and grounds of insanity of mind."

### APPEAL FROM POWELL CIRCUIT COURT.

November 12, 1885.

OPINION BY JUDGE LEWIS:

The motion for a continuance of this case in the lower court was not based upon affidavits of the accused himself, but of his mother, sister and attorneys, and the grounds relied on as stated by them are substantially that he had not sufficient bodily strength to go through the trial with safety to his health, and that his mental condition was then such as to make him unable to prepare his defense, or to state to his attorneys what his defense was, his attorneys stating in their affidavit that it appeared to them he had been drinking to excess and had not sufficient health or mind from his appearance and actions to state his defense, or prepare his case for trial.

The judge of the court, having the accused before him, was able to determine whether his physical condition was such as made a continuance necessary for a fair and impartial trial, and the fact that he did go through the trial without complaint being made of any injury to his health, or prejudice to his rights by reason of his physical condition, shows the court did not err in that respect. It was not stated in the affidavits that the mental condition of the accused would probably be different or better at a subsequent term of the court than it then was; that any witness then absent could or would probably be in attendance at the next term, or that any additional or different defense could be made than was made. In fact, if the only defense relied on, which was insanity, was in good faith made for him and his physical and mental condition was such as the affiants stated it appeared to them to be and in our opinion was, there was no reason for a continuance.

The evidence of those who witnessed the occurrence, including a brother of the accused, shows that he, without provocation of any kind whatever, or warning, stabbed Combs so severely as to dis-

able him for a considerable time and endanger his life. There is nothing in the record to show, nor has the accused or any one for him suggested, that any circumstances could be shown tending in the slightest degree to palliate the offense, except that he was at the time insane. On the contrary, there is evidence that the same day before stabbing Combs the accused stated he had a grievance against him and would get even with him. Whether he was or was not insane at the time he committed the offense was submitted to the jury, the triers of the question. The only inquiry left for this court is whether they were properly instructed by the lower court in regard to the law applicable to the state of facts presented to the jury.

Counsel for the accused make no complaint of any instructions given by the lower court except those relating to the plea of insanity, the first and only one of which we need to quote is as follows:

"The court instructs the jury that if they believe from the evidence that at the time the defendant cut and stabbed W. M. Combs, if he did cut and stab him, he did not at the time have sufficient reason to know right from wrong, and did not have sufficient will power of control to govern his actions, then the jury will acquit the defendant upon the plea and grounds of insanity of mind."

The objection made to this instruction is that the court by the use of the conjunction "and" required the jury to believe that the defendant did not have sufficient reason to know right from wrong and also did not have will power sufficient to control his actions. The latter condition of the mind must exist when an injury is done to another; if the person doing the act is without sufficient reason to know right from wrong, there is not will power to control or resist the particular act. Therefore, while it was not necessary to require the jury to believe the latter condition in addition to the former, the accused was not prejudiced thereby. The prominent and pivotal question before the jury was as to the insanity of the accused. An instruction substantially like this one was under consideration by this court in the case of *Brown v. Commonwealth*, 14 Bush (Ky.) 398, and was not held to authorize a reversal. Beside, even if the instruction quoted was misleading, the objection urged to it was removed by the fifth instruction, which is in the form contended by counsel to be proper.

But the evidence in this case shows clearly beyond doubt that

whatever was the condition of appellant's mind when he stabbed Combs was produced by the excessive use of intoxicating liquor, and the result of his act.

Judgment *affirmed.*

*Wood & Day, T. Turner, for appellant.*

*P. W. Hardin, for appellee.*